UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ABNERIS PERALTA,

      Plaintiff,

v.                                Case No. 5:25-cv-150-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

_____

## OPINION AND ORDER[2]

### I. Status

Abneris Peralta ("Plaintiff"), who originally was found to be disabled by the Social Security Administration ("SSA"), is appealing the SSA's final decision final determination that as of September 23, 2023, she was no longer disabled and therefore ineligible for continued supplemental security income (SSI). Plaintiff was initially found to be disabled beginning September 2, 2014 because

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

of high blood pressure, thyroid issues, asthma, sleep apnea and insomnia, bipolar disorder, anxiety, depression, and chronic arthritis." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed May 5, 2025, at 106, 114.[3] The original finding of disability was based on an application for SSI protectively filed on September 2, 2014. Tr. at 146-51; see Tr. at 308-16 (application).

The SSA conducted a review of Plaintiff's disability status, see 20 C.F.R. §§ 404.1594(a), 416.994(a), and made an initial determination on April 20, 2022 that Plaintiff was no longer disabled as of April 19, 2022, Tr. at 105, 106-13, 167-70. Plaintiff sought reconsideration. Tr. at 171. On reconsideration, the SSA made the same determination. Tr. at 114-24. The matter was referred to a State Agency Disability Hearing Officer, who issued a decision on September 25, 2023 upholding the SSA's earlier determination that the disability had ceased but finding it did on September 22, 2023 instead. Tr. at 183-87, 188-96; see Tr. at 126-36.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 33. On June 4, 2024, an ALJ held a hearing,[4] during which

---

[3]     Some documents are duplicated in the administrative transcript, and some appear in both English and Spanish. Citations are to the first time a document appears in English, if available.

[4]     The hearing was held via telephone with Plaintiff's consent. Tr. at 52.

Plaintiff represented herself[5] and Plaintiff and a vocational expert ("VE") testified. See Tr. at 50-67.[6] The ALJ issued a Decision on July 11, 2024, finding that Plaintiff's disability ended on September 22, 2023 and Plaintiff did not become disabled again afterwards. Tr. at 16-24.

Thereafter, Plaintiff requested review of the decision by the Appeals Council and submitted additional medical evidence in support of the request. Tr. at 2, 4-5 (Appeals Council exhibit list and Orders), 302-07 (request for review). On January 10, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On March 5, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff argues on appeal that the ALJ erred "in failing to properly analyze whether medical improvement occurred from the time of the comparison point decision" ("CPD"). Memorandum in Opposition to the Commissioner's Decision (Doc. No. 17; "Pl.'s Mem."), filed July 7, 2025, at 4; see

---

[5] The ALJ explained to Plaintiff the right to be represented by an attorney or a non-attorney. Tr. at 52. Plaintiff agreed to waive the right to representation. Tr. at 53.

[6] The administrative transcript also contains the transcript of the hearing from January 27, 2017, Tr. at 68-104, upon which the original finding of disability was made. Tr. at 146-51.

id. at 4-13. On September 3, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for proper comparison of the evidence predating the CPD with the current evidence.

## II. The ALJ's Decision

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when deciding whether an individual is disabled,[7] determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

When the ALJ is determining whether a disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594(f), 416.994(b). This sequential inquiry asks, in substance, whether the claimant (1) is engaging in substantial gainful activity (for DIB cases; for SSI cases this step is eliminated); (2) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (3) has experienced medical improvement; (4) has experienced medical improvement that is related to the ability to work; (5) has experienced medical improvement, but an exception to the medical improvement applies; (6) has current impairments that when considered in combination are severe; (7) can perform past relevant work; and (8) can perform other work that exists in the national economy. See 20 C.F.R. §§ 404.1594(f), 416.994(b).[8]

Here, the ALJ found as follows:

> 1.     The most recent favorable medical decision finding that [Plaintiff] was disabled is the decision dated August 11, 2017.   This is known as the "comparison point decision" or CPD.

---

[8]     "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [p]laintiff had experienced 'medical improvement.'" Townsend v. Comm'r of Soc. Sec., No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015) (unpublished) (emphasis omitted) (citing Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986).

> 2.      At the time of the CPD, [Plaintiff] had medically determinable impairments of obstructive sleep apnea (OSA) and generalized anxiety disorder (GAD). These impairments were found to meet section(s) 3.02 of 20 CFR Part 404, Subpart P, Appendix 1.
>
> 3.      Medical evidence establishes that, since September 22, 2023, [Plaintiff] has had medically determinable impairments of morbid obesity; hypertension; mild osteoarthritis of left shoulder AC joint, left knee, and left thumb; asthma/chronic obstructive pulmonary disease (COPD), obstructive sleep apnea (OSA), hypothyroidism, major depressive disorder, and GAD. These are [Plaintiff's] current impairments.

Tr. at 17-18 (emphasis and citations omitted).

The ALJ then engaged in the rest of the steps in the sequential inquiry. At step two, the ALJ determined that "[s]ince September 22, 2023, [Plaintiff] had no impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).   At step three, the ALJ found that "[m]edical improvement occurred on September 22, 2023." Tr. at 19 (emphasis and citation omitted).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") since September 22, 2023:

> [Plaintiff can perform] sedentary work (20 CFR 416.967(a)); she can sit 6/8 hours, and stand and/or walk 2/8 hours; occasionally stoop, kneel, crouch, and climb ramps and stairs, but never crawl, or climb ladders, ropes, or scaffolds; the bilateral upper extremities can frequently handle, finger, and push and

> pull at the sedentary exertional level and frequently reach in all directions except never overhead; avoid: work at heights, work with dangerous machinery and dangerous tools, foot controls, and concentrated exposure to temperature extremes, pulmonary irritants (e.g., dust, fumes, noxious gasses, humidity, wetness), and vibration; work tasks should be simple and detailed; she can have frequent interaction with coworkers, supervisors, and the general public.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found that Plaintiff's "medical improvement is related to the ability to work because, by September 22, 2023, [Plaintiff's] CPD impairment(s) no longer met or medically equaled the same listing(s) that was met at the time of the CPD." Tr. at 20 (emphasis and citation omitted). At step five, although not explicitly stated, it can be inferred from the Decision that the ALJ found no exceptions apply to the medical improvement. At step six, the ALJ found that "[s]ince September 22, 2023, [Plaintiff] continued to have a severe impairment or combination of impairments." Tr. at 20 (emphasis and citation omitted).

At step seven, the ALJ found Plaintiff "has no [past relevant work]." Tr. at 22 (some emphasis and citation omitted). The ALJ then proceeded to step eight and, after considering Plaintiff's age ("a younger individual"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[s]ince September 22, 2023,

. . . [Plaintiff] has been able to perform a significant number of jobs in the national economy," such as "Table Worker," "Plastic Design Applier," and "Document Preparer." Tr. at 23 (some emphasis and citation omitted). The ALJ concluded that Plaintiff's "disability ended on September 22, 2023, and [Plaintiff] has not become disabled again since that date." Tr. at 23 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to cessation of disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted).   The key is "whether the

[Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." Simpson, 691 F.2d at 969.   It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to properly analyze whether medical improvement occurred from the time of the CPD. Pl.'s Mem. at 4-13. According to Plaintiff, although the CPD is in the file, the medical evidence upon which it relies is not, so the ALJ could not have made the proper comparison. Id. at 11-13. Responding, Defendant essentially acknowledges the evidence is not in the file and argues that although "[t]he ALJ's Decision may not have been as thorough as Plaintiff may have wished, . . . it provides a

- 9 -

sufficient discussion to allow the Court to determine whether substantial evidence supports the ALJ's findings." Def.'s Mem. at 7.

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1). To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate the medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)).

Here, the medical evidence supporting the CPD does not appear in the administrative transcript. Consequently, the ALJ could not have made the required comparison. See Vaughn, 727 F.2d at 1043; see also Simone, 465 F. App'x at 908 (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)). Accordingly, the ALJ's finding that "[m]edical improvement occurred on

- 10 -

September 22, 2023," Tr. at 19 (emphasis omitted), cannot stand, see Vaughn, 727 F.2d at 1043 (finding error when "the ALJ focused only on current evidence of whether [the plaintiff] was disabled"); McAulay, 749 F.2d at 1500 (finding that although the ALJ referred to original medical records, "no comparison was made" and "the ALJ failed to properly address the issue of improvement").

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reevaluate whether Plaintiff has medically improved, being sure to compare the original medical evidence with the new medical evidence; and

(B)     Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 10, 2026.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record